```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                                    )
**JEFFREY MCMICKLE,**               )
                                    )
      Plaintiff,                )
                                    )
      v.                        )   Civil Action No. 09-1688 (RWR)
                                    )
**WILLIAM ARAGON et al.,**          )
                                    )
      Defendants.               )
_____)

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Jeffrey McMickle filed a complaint in Superior Court against his union representative William Aragon and McMickle's superior Eric Conroy[1] after Conroy fired McMickle from his job at Capital Host. McMickle alleges that he unknowingly signed a letter of resignation and does not know why he was fired. (Compl. at 1.) He further alleges that Aragon is not doing anything on McMickle's behalf now that McMickle is out of work. (Id.) Aragon removed the complaint to this court, and he now moves for judgment on the pleadings. Because a claim that a union breached its duty of fair representation can be brought only against the union itself, and not against individual union

---

[1] McMickle has not filed proof of service upon Conroy within the 120-day period allowed by Fed. R. Civ. P. 4(m), nor has Conroy filed an answer or other response to the complaint. McMickle therefore will be ordered to show cause why the complaint should not be dismissed for want of prosecution as to Conroy.

agents or officers, Aragon's motion for judgment on the pleadings will be granted.

As an employee's exclusive bargaining representative, a union has "a statutory duty fairly to represent" that employee. <u>Vaca v. Sipes</u>, 386 U.S. 171, 177 (1967); <u>see also</u> <u>Plumbers & Pipe Fitters Local Union No. 32 v. NLRB</u>, 50 F.3d 29, 31 (D.C. Cir. 1995) (noting that a union breaches its duty of fair representation "when its actions are 'arbitrary, discriminatory, or in bad faith'" (quoting <u>Vaca</u>, 386 U.S. at 177)). This duty extends to enforcing any collective bargaining agreement between a union and an employer. <u>Vaca</u>, 386 U.S. at 177. If a union violates this duty, § 301(b) of the Labor Management Relations Act, 29 U.S.C. § 185(b), provides that "[a]ny money judgment against a labor organization . . . shall be enforceable only against the organization as an entity . . . and shall not be enforceable against any individual member or his assets." A money judgment therefore cannot be sought or enforced against a union representative when the union violated its duty of fair representation. <u>See</u> <u>Atkinson v. Sinclair Refining Co.</u>, 370 U.S. 238, 249 (1962) (holding that dismissal of claim for damages against individual union officers and agents alleging that the union breached the collective bargaining contract and tortiously interfered with contractual relations was appropriate because "when a union is liable for damages . . . its officers and

members are not"), overruled in part on other grounds by Boys Markets, Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 237-41 (1970).

Here, McMickle's allegation that Aragon "is not doing nothing now that [McMickle is] out of work" (Compl. at 1) can be construed to allege a claim that the union violated its duty of fair representation to enforce the collective bargaining agreement on McMickle's behalf after his termination. The only relief that McMickle seeks is $8,000 in damages. Because a plaintiff can bring a fair representation claim for damages against only the union itself, McMickle is not entitled to damages from Aragon under even a liberal construction of his pro se complaint, Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), and Aragon is not a proper defendant in this case. Accordingly, it is hereby

ORDERED that defendant Aragon's motion [5] for judgment on the pleadings be, and hereby is, GRANTED. Judgment is entered for Aragon. It is further

ORDERED that McMickle show cause in writing by September 20, 2010 why this case should not be dismissed for want of prosecution as to Conroy. If appropriate, McMickle may show cause by the deadline by filing proof of service, securing entry of default, and filing and serving on Conroy a motion for default judgment with a proposed final default judgment. If McMickle

fails to comply timely with this order, the complaint may be dismissed.

SIGNED this 8th day of September, 2010.

```
               _____/s/_____
               RICHARD W. ROBERTS
               United States District Judge
```